UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

SNEAKER MATCH, LLC,
an Arizona Limited Liability Company,

    Plaintiff,

        v.

JOHN DOES 1-10,

    Defendants.

Case No.: 1:20-cv-06563

**Honorable Mary M. Rowland**

**Magistrate Judge Heather K. McShain**

## PRELIMINARY INJUNCTION ORDER

THIS CAUSE being before the Court on Plaintiff Sneaker Match LLC's ("Plaintiff" or "Sneaker Match") Motion for Entry of a Preliminary Injunction, and this Court having heard the evidence before it hereby GRANTS Plaintiff's Motion in its entirety against the Defendants operating under the known and to be determined seller aliases.

THIS COURT HEREBY finds that it has personal jurisdiction over the Defendants as the Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more aliases and domains identified in Schedule A, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold products bearing unauthorized copies of the Sneaker Match Copyrighted Designs (including U.S. Copyright Registration Nos. VA0002220928, VA0002200361, and VA0002200728) and/or using infringing and counterfeit versions of the Plaintiff's trademarks (a list of which is included below).

**Sneaker Match Marks Registered and Pending Registration ("Sneaker Match Marks")**

1

a. SNEAKER MATCH TEES (USPTO Reg. No. 5,010,674)
b. SNEAKER MATCH (USPTO Reg. No. 5,784,852)

a. Sneaker Match Logo:  (USPTO Serial No. 88/961,104)

**Common Law Sneaker Match Marks ("Collection Marks")**

a. Misfit Teddy
b. Young and Heartless Bear
c. Heartless Bear
e. Misunderstood Monkey
f. Misunderstood Bear
f. Misunderstood Tiger
g. Misunderstood Puppy
h. Goat Toon
i. Drippy Penguin
j. Stackin Grizzly
k. Misfit Rabbit
l. Misfit Tiger
m. Voodoo Sneaker Bear
n. The Cat With The Stacks
o. Paper Chaser
p. Shootin Bear

**Defendants and Defendant's Aliases ("Defendants")**

Sneaker Match has provided evidence identifying known aliases of Defendants discovered via its own research included as Schedule A to the Amended Complaint. Furthermore, via expedited discovery granted in the Temporary Restraining Order ("TRO") Sneaker Match has uncovered additional aliases of Defendants. Furthermore, Sneaker Match's continued investigation of Defendants' actions and Defendants' actions taken since the TRO was entered and pursuant thereto. It is likely that Sneaker Match, through further investigation and as a result of discovery will identify additional aliases used by Defendants including new or additional domain names ("Domain Names"), online marketplace seller accounts and names ("Defendant Seller Aliases"), and other linked financial accounts ("Defendant Financial Accounts") as well as

the actual identity of Defendant individuals and entities ("Defendants"). This order shall apply to all Defendants including known and later identified defendant aliases including all Domain Names, Defendant Seller Aliases, and Defendant Financial Accounts.

THIS COURT FURTHER FINDS that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Sneaker Match's previously granted Motion for Entry of a Temporary Restraining Order establishes that Sneaker Match has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Sneaker Match will suffer irreparable harm if the injunction is not granted. Specifically, Sneaker Match has proved a *prima facie* case of trademark infringement because (1) the SNEAKER MATCH Registered Trademarks are distinctive marks and are registered with the U.S. Patent and Trademark Office on the Principal Register, (2) Defendants are not licensed or authorized to use any of the Sneaker Match Trademarks, and (3) Defendants' use of the Sneaker Match Trademarks is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Sneaker Match. Furthermore, Defendants' continued and unauthorized use of the Sneaker Match Trademarks irreparably harms Sneaker Match or through diminished goodwill and brand confidence, damage to Sneaker Match's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Sneaker Match has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. As such, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be

temporarily enjoined and restrained from:

a. using the Sneaker Match Marks, Collection Marks, or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Sneaker Match product or not authorized by Sneaker Match to be sold in connection with the Sneaker Match Marks and Collection Marks;

b. reproducing, distributing copies of, making derivative works of, or publicly displaying the Sneaker Match Copyrighted Designs in any manner without the express authorization of Sneaker Match;

c. passing off, inducing, or enabling others to sell or pass off any product as a genuine Sneaker Match product or any other product produced by Sneaker Match, that is not Sneaker Match's or not produced under the authorization, control or supervision of Sneaker Match and approved by Sneaker Match for sale under the Sneaker Match Marks, Collection Marks, and/or the Sneaker Match Copyrighted Designs;

d. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Sneaker Match, or are sponsored by, approved by, or otherwise connected with Sneaker Match;

e. further infringing the Sneaker Match Marks, Collection Marks, and/or the Sneaker Match Copyrighted Designs and damaging Sneaker Match's goodwill; and

f. manufacturing, shipping, delivering, importing, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Sneaker Match, nor authorized by Sneaker Match to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the Sneaker Match Marks and Collection Marks, or

any reproductions, counterfeit copies or colorable imitations thereof and/or which bear the Sneaker Match Copyrighted Designs.

2. The name servers for the Domain Names, including, but not limited to, Cloudflare, Registrar-servers.com, Domain Control, and BigCommerce within five (5) business days of receipt of this Order, shall, at Sneaker Match's choosing:

   a. unlock and change the registrar of record for the Domain Names, including subsequently identified Domain Names by Sneaker Match, to a registrar of Sneaker Match's selection until further ordered by this Court; or

   b. disable the Domain Names, including subsequently identified Domain Names by Sneaker Match, and make them inactive and untransferable until further ordered by this Court.

3. The domain name registrars, including, but not limited to, GoDaddy Operating Company LLC ("GoDaddy"), Name.com, Namecheap Inc. ("Namecheap"), NameSilo LLC, Mat Bao Corporation, Porkbun LLC, and Google, LLC, within five (5) business days of receipt of this Order shall take any steps necessary to transfer the Domain Names, including subsequently identified Domain Names by Sneaker Match, to a registrar account of Sneaker Match's selection so that the Domain Names can be redirected or disabled until further ordered by this Court.

4. Upon Sneaker Match's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' known or subsequently identified aliases including Domain Names and Defendant Seller Aliases, including, without limitation, any online marketplace platforms, privacy service providers such as Shopify, WhoIsGuard, Private by Design LLC, Cloudflare, Domains by Proxy, LLC, whoisprotection.cc, PrivacyGuardian.org, Domain Protection Services, Inc.,

5

BigCommerce, Ebay, and Etsy, and Social Media companies, including, without limitation, Facebook, Instagram, and Twitter, (collectively, the "Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to Sneaker Match expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

    a. the identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated advertising, sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces, Domain Names, Online Seller Aliases, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplaces, Online Seller Aliases, and Domain Names; and

    c. any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, Amazon Pay, Wish.com, Stripe, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

5. Upon Sneaker Match's request, those with notice of the injunction, including the Third-Party Providers as defined in Paragraph 4, shall, within ten (10) business days after receipt of such notice, disable and cease displaying any advertisements used by or associated with

Defendants in connection with the sale of counterfeit and infringing goods using the Plaintiff's Trademarks and/or which bear the Sneaker Match Copyrighted Designs.

6. Defendants shall be temporarily and preliminarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

7. Any Third-Party Providers identified herein or through discovery, including but not limited to, PayPal, Alipay, Wish.com, Stripe, Payoneer, and Amazon Pay, shall, within five (5) business days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants' aliases, Online Marketplaces Online Seller Aliases, and Domain Names, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto and any additional information provided for Defendants by third parties or identified by Sneaker Match; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

8. Sneaker Match is authorized to issue expedited written discovery, pursuant to the Federal Rules of Civil Procedure 33, 34 and 36, related to:

   a. the identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated e-mail addresses; and

   b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces, Online Seller Alisases, Domain

Names, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplaces and Domain Names.

Sneaker Match is authorized to issue any such expedited discovery requests via e-mail. Defendants shall respond to any such discovery requests within ten (10) business days of being served via e-mail.

9. Sneaker Match may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order and other relevant documents on a website to which the Domain Names which are transferred to Sneaker Match's control will redirect, or by sending an e-mail to the e-mail addresses identified via expedited discovery. The Clerk of the Court is directed to issue a single original summons in the name of "Recordertee.com and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from domain name registrars, Third-Party service providers, and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

10. Plaintiff's Complaint, Plaintiff's Motion for Entry of a Temporary Restraining Order, Plaintiff's Memorandum in Support of the Motion for Entry of a Temporary Restraining Order, the accompanying Declaration of Alejandro Rodriguez, and Exhibits thereto, Plaintiff's Motion Electronic Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3), Plaintiff's Memorandum in Support of the Motion for Electronic Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3), Plaintiff's Notification of Affiliates, Plaintiff's Notice

of Claims Involving Trademarks, and the Temporary Restraining Order are unsealed.

11. Sneaker Match shall deposit with the Court Ten Thousand Dollars ($10,000.00), as ordered in the TRO, and such bond shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.

12. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and Northern District of Illinois Local Rules.

Dated: December 3, 2020

IT IS SO ORDERED.

_____
HON. Mary M. Rowland